E-FILED
Thursday, 11 August, 2022  02:23:09 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 2:22-cv-02161 |
| v. | ) ) | COMPLAINT |
| LACEY'S PLACE LLC SERIES MIDLOTHIAN d/b/a LACEY'S PLACE, | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |
| _____ | ) | |

## NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963  ("EPA") to restrain the unlawful payment of wages to employees of one sex (female) at rates less than the rates paid to employees of the opposite sex (male) and to collect back wages due to employees as a result of such unlawful payments and under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to a class of female district managers. As alleged with greater particularity below, Defendant Lacey's Place LLC Series Midlothian d/b/a Lacey's Place ("Lacey's Place") violated the EPA and Title VII by paying female district managers lower wages than male district managers for performing substantially equal work based on their sex.  In addition, Defendant Lacey's Place violated Title VII and the EPA by discharging Brandy Brooks in retaliation for complaining of the wage disparity.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d), and pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Central District of Illinois.

## PARTIES

3.     Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and Title VII and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705, and by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.     At all relevant times, Defendant Lacey's Place has continuously been an Illinois corporation doing business in the State of Illinois and the City of Champaign.

5.     At all relevant times, Defendant Lacey's Place has continuously had at least 15 employees.

6.      At all relevant times, Defendant Lacey's Place has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Tile VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7.      At all relevant times, Defendant Lacey's Place has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8.      At all relevant times, Defendant Lacey's Place has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) and has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

## ADMINISTRATIVE PROCEDURES

9.      More than thirty days prior to the institution of this lawsuit, Brandy Brooks filed a charge with the Commission alleging violations of Title VII and EPA by Defendant Lacey's Place.

10.      On February 14, 2022, the Commission issued to Defendant Lacey's Place a Letter of Determination finding reasonable cause to believe that Title VII and EPA were violated and inviting Defendant Lacey's Place to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11.     The Commission engaged in communications with Defendant Lacey's Place to provide it with the opportunity to remedy discriminatory practices described in the Letter of Determination.

12.     On June 3, 2022, the Commission issued to Defendant Lacey's Place a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13.     All conditions precedent to the institution of this lawsuit have been fulfilled.

<u>STATEMENT OF EQUAL PAY ACT CLAIMS</u>

14.     Since at least March 8, 2018, Defendant Lacey's Place has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying lower wages to female district managers, including Brandy Brooks, than it pays to male district managers for equal work in a job requiring substantially equal skill, effort, and responsibility and performed under similar working conditions.

    a.   In or about August 2016, Defendant Lacey's Place hired Brandy Brooks (female) as a district manager.

        i.   Brooks had a starting salary of $48,000.

        ii.  Brooks was paid a salary of $60,000 from approximately January 2018 until at least October 2018.

        iii. At some point between October 2018 and January 2019, Defendant Lacey's Place raised her salary to $68,000, which she earned until she was terminated in June 2019.

    b.   In or about February 2019, a female with the initials F.L. was hired as a district manager.

        i.   F.L. had a starting salary of $62,000.

ii.  F.L. was paid a salary of $63,800 starting in January 2020.

iii.  F.L. was then paid a salary of $70,000 starting in August 2020.

c.  In or about October 2018, Defendant Lacey's Place hired a male with the initials D.T. as a district manager.

i.  D.T. had a starting salary of $76,500.

ii.  D.T. was paid a salary of $80,325 starting in January 2020.

d.  In or about October 2018, Defendant Lacey's Place hired a male with the initials R.C. as a district manager.

i.  R.C. had a starting salary of $76,500.

e.  In or about January 2019, a male with the initials G.W. was hired as a district manager

i.  G.W. had a starting salary of $68,000.

f.  In or about June 2019, Defendant Lacey's Place hired a male with the initials J.E. as a district manager.

i.  J.E. had a starting salary of $75,000.

ii.  J.E. was paid a salary of $76,125 starting in January 2020.

g.  Each district manager performed the same functions.

i.  Defendant Lacey's Place had one job description for the position of district manager.

ii.   All district managers operated under a common central authority.

h.  Female district managers, including Brandy Brooks and F.L., had similar or more education and experience than male district managers who were paid more than the female managers.

5

15.    As a result of the acts complained of above, Defendant Lacey's Place unlawfully has withheld and is continuing to withhold the payment of wages due to female district managers, including Brandy Brooks and F.L.

16.    The unlawful practices complained of above were and are willful.

17.    On or around June 18, 2019, Defendant Lacey's Place violated Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), by discharging Brooks after she complained to Defendant Lacey's Place about the wage disparity between her and her male coworkers.

<u>STATEMENT OF TITLE VII CLAIMS</u>

18.    Since at least August 31, 2018, Defendant Lacey's Place has engaged in unlawful employment practices, in violation of Section 703 and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1), 2000e-3(a).  These unlawful practices include, but are not limited to, the following:

a.    Defendant Lacey's Place engaged in discrimination by paying lower wages to female district managers, including Brandy Brooks, than it pays to male district managers on the basis of sex. The Commission hereby incorporates by reference Paragraph 14(a)-(h).

b.    Defendant Lacey's Place engaged in retaliation against Brooks after she complained to Defendant Lacey's Place about the wage disparity between her and her male coworkers by discharging her on or around June 18, 2019.

19.    The effect of the practices complained of above has been to deprive female district managers, including Brooks, of equal employment opportunities and otherwise adversely affect their status as an employee because of their sex.

20.    The unlawful employment practices complained of in paragraph 18 above were intentional.

21.    The unlawful employment practices complained of in paragraph 18 were and are done with malice or with reckless indifference to the federally protected rights of female district managers, including Brooks.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A.    Grant a permanent injunction enjoining the Defendant Lacey's Place, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from paying female district managers lower wages than male district managers for performing substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

B.    Order Defendant Lacey's Place to institute and carry out policies, practices, and programs, which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

22.    Order Defendant Lacey's Place to make whole female district managers, including Brooks, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

23.    Order Defendant Lacey's Place to pay the female district managers, including Brooks, liquidated damages equal to the backpay plus interest set forth above.

24.    Order Defendant Lacey's Place to make whole female district managers, including Brooks, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

25.    Order Defendant Lacey's Place to make whole female district managers, including Brooks, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, in amounts to be determined at trial.

26.    Order Defendant Lacey's Place to pay punitive damages for its malicious and reckless conduct as described above, in amounts to be determined at trial.

C.    Grant such further relief as this Court deems necessary and proper in the public interest.

D.    Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint that do not relate solely to equitable relief.

Gwendolyn Young Reams
Acting General Counsel

Christopher Lage
Deputy General Counsel

U.S. Equal Employment Opportunity
Commission
131 M St. NE
Washington DC 20507

Gregory Gochanour
Regional Attorney

Deborah Hamilton
Supervisory Trial Attorney
U.S. Equal Employment Opportunity
Commission
Chicago District Office
230 S Dearborn, Suite 2920
Chicago, IL 60604
312-872-9671
deborah.hamilton@eeoc.gov

s/ Adrienne L. Kaufman

Adrienne L. Kaufman
Trial Attorney
U.S. Equal Employment Opportunity
Commission
Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, MN 55401
(612) 552-7315
Adrienne.Kaufman@eeoc.gov