IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 2:22-cv-02161 |
| v. | ) ) ) | |
| LACEY'S PLACE LLC SERIES MIDLOTHIAN d/b/a LACEY'S PLACE, | ) ) ) | |
| Defendant. | ) ) ) | |

**CONSENT DECREE**

THE LITIGATION

1.      Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed a Complaint commencing this action, in which it alleged that Lacey's Place LLC Series Midlothian d/b/a Lacey's Place ("Defendant" or "Lacey's Place") engaged in unlawful employment practices in violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("EPA"), and Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, when it paid female district managers lower wages than male district managers, and when it discharged Brandy Brooks in retaliation for complaining of the wage disparity.

2.      In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, Plaintiff and Defendant have agreed that this action should be fully and finally resolved by entry of this Consent Decree ("Decree").

FINDINGS

3.      Having carefully examined the terms and provisions of this Decree, and based on

the pleadings, record, and stipulations of the parties, the Court finds that:

    a.  This Court has jurisdiction over the subject matter of this action and the parties;

    b.  The Court has jurisdiction over the Personal Guaranty (attached hereto as Exhibit C) and over the Guarantor (as defined in the Guaranty) for the sole purpose of enforcing the Personal Guaranty or resolving any disputes arising thereunder;

    c.  The terms of this Decree are adequate, fair, reasonable, equitable, and just;

    d.  The rights of the parties and the public are adequately protected by this Decree;

    e.  This Decree conforms to the Federal Rules of Civil Procedure, Title VII, and the EPA and is not in derogation of the rights or privileges of any person; and

    f.  Entry of this Decree will further the objectives of Title VII and the EPA and will be in the best interests of the parties and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

<u>INJUNCTION AGAINST DISCRIMINATION AND RETALIATION</u>

4.    Defendant, its directors, officers, agents, employees, successors, assigns, and all persons acting in concert with it are hereby enjoined from: (1) paying female district managers less than male district managers for performing substantially equal work that requires equal skill, effort, and responsibility in violation of Title VII or the EPA, and (2) engaging in any form of retaliation against any person because such person has opposed sex discrimination prohibited by Title VII or the EPA, filed a charge of discrimination under Title VII or the EPA, testified or participated in any manner in any investigation, proceeding, or hearing related to sex discrimination under Title VII or the EPA, or asserted any rights under this Decree.

<u>MONETARY RELIEF</u>

5.    Defendant shall pay the gross sum of **<u>$92,964</u>** comprised of $27,964 in backpay

and $65,000 in liquidated damages, compensatory damages, and punitive damages to the

Charging Party. Within thirty (30) days after Defendant receives the Release, attached as **Exhibit**

**A**, signed by the Charging Party, Defendant shall pay a total of $35,000 (the "First Installment")

consisting of $27,964 in backpay and $7,036 in liquidated damages, compensatory damages, and

punitive damages to Charging Party.  Within 180 days of making the First Installment,

Defendant shall pay a total of an additional $30,000 (the "Second Installment") in liquidated

damages, compensatory damages, and punitive damages to Charging Party.  Within 180 days of

making the Second Installment, Defendant shall pay a total of an additional $27,964 (the "Final

Installment") in liquidated damages, compensatory damages, and punitive damages to Charging

Party.

    a.   For the amounts designated as backpay, Defendant shall make all applicable
deductions required by law that are payable by the employee, including but not
limited to taxes and required employee contributions for FICA, including
Medicare. Defendant shall issue an IRS Form W-2 to the Charging Parties for the
backpay amounts. Contemporaneously, Defendant shall submit a copy of the
checks to EEOC.

    b.   For the amounts designated as liquidated damages, compensatory damages, or
punitive damages, Defendant shall issue an IRS Form 1099 to the Charging Party.

    c.   Defendant shall send the Charging Party's payments by check via Certified or
Registered Mail to the mailing address provided by the EEOC.
Contemporaneously, Defendant shall submit a copy of the checks to EEOC or
proof that electronic deposits have been made.

6.    In the event that Defendant shall, for any reason whatsoever, fail to pay any of the

payments on the date such payment is scheduled to be made, as described in Paragraph 5, then

the obligation of Defendant to pay all amounts then and thereafter due under this Decree shall be

automatically accelerated without further act or deed by any person, and without further notice to

or order of the Court, so that the entire aggregate amount then remaining due to Charging Party

shall be immediately due and payable, subject to a seven (7) day cure provision. If Defendant

fails to make any payment on the date such payment is to be made pursuant to Paragraph 5,

EEOC shall notify Defendant of the missed payment, and Defendant shall have seven (7) days

from the date of notice to make the missed payment.  All payments to be made under this Decree

are guaranteed personally, and jointly and severally, by Jeff Rehberger (Guarantor), as provided

in the Personal Guaranty attached hereto as **Exhibit C** and incorporated herein by reference.  The

Guarantor agrees that the Court has jurisdiction over him or her for the sole purpose of enforcing

the Guaranty or resolving any disputes arising thereunder.

7.      If any portion of the monetary relief due to the Charging Party is not issued and

mailed to the Charging Party within fourteen (14) calendar days of notice from the EEOC of a

missed payment as described in Paragraph (6) ("Unpaid Amount"), then for each day beyond the

fourteenth (14th) calendar day that such portion remains unpaid, Defendant shall pay to the

Charging Party, in the manner set forth above, an amount equal to the greater of $50 or 0.1% of

the Unpaid Amount in addition to the payment required under Paragraph 5.

<u>POLICIES AGAINST SEX-BASED PAY DISCRIMINATION AND RETALIATION</u>

8.      Within thirty (30) calendar days of entry of this Decree, Defendant shall review

its compensation policies, including policies against sex-based pay discrimination and retaliation

(collectively, "Policies"), and revise them, if necessary, so that such Policies include, at

minimum, the following:

    a.   A list of the criteria that will be considered when determining a district manager's starting salary;

    b.   A list of the criteria that will be considered when determining whether to grant an individual salary increase to a district manager;

    c.   A process by which a district manager can request to have their salary reviewed if they believe their salary is not set at the appropriate level or if they wish to request an individual salary increase;

    d.   A process by which a district manager can submit an internal complaint of discrimination, including sex-based pay discrimination, that describes how to submit a complaint, the obligations of relevant employees of Defendant when they receive a complaint of discrimination, and what steps Defendant will take to investigate and respond to the complaint; and

    e.   A prohibition on retaliation for making or participating in the investigation of a complaint of discrimination, including sex-based pay discrimination.

9.      The inclusion of Paragraph 8 in the Decree does not represent the EEOC's or the Court's approval of Defendant's Policies.

10.    Within fourteen (14) calendar days of entry of the Decree, Defendant shall provide the EEOC with a copy of the Policies required by Paragraph 9 above. Within twenty-one (21) days after entry of the Decree, Defendant shall provide a digital copy of its Policies to all its employees. Thereafter, Defendant shall make its Policies available to new employees upon hire.

<u>TRAINING</u>

11.    During the term of this Decree, Defendant shall employ an outside/independent trainer(s) to provide annual training to all employees with responsibility for (1) determining the

salary of employees (whether it be starting salaries or individual salary increases) and/or (2) responding to complaints of pay or sex discrimination, on Title VII and the EPA's requirements regarding equal pay for substantially equal work and its prohibition on retaliation. The first training shall take place no later than ninety (90) calendar days after entry of the Decree. Defendant shall provide training at least once every twelve (12) months for the duration of the Decree, with each subsequent training taking place within thirty (30) calendar days of each anniversary following entry of this Decree. A registry of attendance shall be maintained for each training session required under this Paragraph.

12.     The training required in Paragraph 11 shall be at least one hour in duration and shall include, at a minimum, training on (1) the legal requirements of Title VII and the Equal Pay Act and (2) how to avoid gender bias in negotiation.

13.     Defendant shall obtain the EEOC's approval of its proposed trainer and training content and materials before the commencement of any training session required under Paragraph 11, above. Defendant shall submit the name(s), address(es), telephone number(s), resume(s) and training proposal of their proposed trainer(s) (including copies of all materials proposed to be displayed, distributed, or otherwise presented) to the EEOC at least twenty-eight (28) calendar days prior to the proposed date of each training session. The EEOC shall have fourteen (14) calendar days from the date it receives the information described above to accept or reject the proposed trainer(s), training proposal, and/or training materials. In the event the EEOC does not approve Defendant's proposed trainer(s), training proposal, and/or training materials, Defendant shall have fourteen (14) calendar days to identify an alternate trainer(s) and/or make changes to the training proposal and/or training materials. The EEOC shall then have seven (7) calendar days from the date it receives the information described above to accept or reject the

alternate trainer(s), proposal, and/or training materials. If the parties cannot agree on a trainer or training content through this process, they may seek the Court's assistance under Paragraph 22, below.

14.     No later than seven (7) calendar days after each training session described in Paragraph 11, above, takes place, Defendant shall certify to the EEOC in writing that the required training session has taken place and the required personnel have attended. Every certification of training described in this Paragraph shall include: (a) the date, location, and duration of the training; (b) a copy of the registry of attendance, which shall include the name and position of each person trained; (c) a current list by name and position of all the employees subject to the training requirement; and (d) copies of any and all pamphlets, brochures, outlines, or other written materials provided or displayed to the personnel attending each training session, if not already provided to the EEOC.

## PAY EQUITY STUDY

15.     Defendant shall employ a qualified outside/independent consultant to conduct a pay equity study of all current district managers of Defendant. Within six (6) months from the entry of this Decree, the consultant shall conduct a statistical analysis to determine if there are any sex-based pay disparities amongst district managers of Defendant with the same job title and/or who perform substantially equal work. The consultant shall report its findings and recommendations to Defendant and EEOC. Defendant shall report to EEOC the actions, if any, Defendant takes in response to the consultant's findings and recommendations.

16.     Defendant shall obtain the EEOC's approval of its pay equity study consultant and the statement of work to be performed by the consultant before the commencement of the study required under Paragraph 15, above. Defendant shall submit the name(s), address(es),

telephone number(s), and resume(s) of the proposed consultant(s) and the proposed statement of work to be completed by the consultant(s) to the EEOC within sixty (60) calendar days of the entry of this Decree. The EEOC shall have fourteen (14) calendar days from the date it receives the information described above to accept or reject the proposed consultant(s) and/or statement of work to be performed by the consultant(s). In the event the EEOC does not approve Defendant's proposed consultant(s) and/or statement of work to be performed by the consultant(s), Defendant shall have fourteen (14) calendar days to identify an alternate consultant(s) and/or make changes to the statement of work to be performed by the consultant(s). The EEOC shall then have seven (7) calendar days from the date it receives the information described above to accept or reject the alternate proposal(s). If the parties cannot agree on a consultant and/or statement of work to be performed by the consultant, they may seek the Court's assistance under Paragraph 22, below.

POSTING OF NOTICE

17.     No later than seven (7) calendar days after entry of this Decree, Defendant shall post copies of the Notice attached as **Exhibit B** to this Decree in conspicuous locations in the physical and electronic locations that are regularly used by Defendant for posting legal notices concerning employee rights (*e.g*., bulletin boards, intranet). The Notices shall remain posted in this manner for the term of this Decree. Defendant shall take all reasonable steps to ensure that the postings are not altered, defaced, or covered by any other material. Defendant shall permit a representative of the EEOC to enter Defendant's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours.

18.     No later than fourteen (14) calendar days after entry of this Decree, Defendant shall certify to the EEOC in writing that the Notices have been properly posted in accordance

with Paragraph 17.

RECORD KEEPING

19.    During the term of this Decree, Defendant shall maintain and make available for inspection and copying by the EEOC written records of every complaint or report of sex-based pay discrimination or retaliation for complaining of sex-based pay discrimination concerning any employee of Defendant. For each such complaint or report, such records shall include: (a) the name of the person who made the complaint or report and that person's address and telephone number; (b) the date of the complaint or report; (c) a written description of what was alleged in the complaint or report; (d) the name and position of all employees who were made aware of the complaint or report; (e) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, Defendant took, and the name and position of all employees who were involved in any such actions taken; (f) if the complaint or report was made in written form, a copy thereof; and (g) a copy of all documents, including notes, correspondence, photographs, or written statements, collected in the course of the investigation.

20.    During the term of this Decree, Defendant shall maintain and make available for inspection and copying by EEOC a) records of Defendant's salary schedules for district managers, b) records reflecting the name, sex, position, and compensation paid to each district manager employed by Defendant, c) all documents related to salary negotiations or requests for individual raises by district managers, and d) all documents related to the pay equity study conducted pursuant to Paragraph 15 above, including all documents and data provided to the consultant, communications with the consultant, and documents related to any actions Defendant took in response to the pay equity study. Upon receipt of a written request from EEOC, Defendant shall produce the requested documentation within twenty-one (21) calendar days.

9

REPORTING

21.     Defendant shall furnish to the EEOC the following written reports semi-annually ("Semi-Annual Report") during the term of this Decree. The first Semi-Annual Report shall be due six (6) months after entry of the Decree. Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30) calendar days prior to the expiration of the Decree. Each such Semi-Annual Report shall contain:

   a.  Copies of all records related to complaints described in Paragraph 19, above, for the six (6) month period preceding the Semi-Annual Report (or for the five (5) month period preceding the final Semi-Annual Report), or a certification by Defendant that no complaints or reports of sex-based pay discrimination or retaliation for complaints of sex-based pay discrimination were received during that period; and

   b.  A certification by Defendant that the Notices required to be posted pursuant to Paragraph 17 of the Decree remained posted in the manner required during the entire six (6) month period preceding the Semi-Annual Report (or for the five (5) month period preceding the final Semi-Annual Report).

DISPUTE RESOLUTION

22.     If the EEOC, during the term of this Decree, believes that Defendant has failed to comply with any provision(s) of the Decree, the EEOC shall notify Defendant of the alleged noncompliance and shall afford Defendant fourteen (14) calendar days to remedy the noncompliance or satisfy the EEOC that Defendant had complied. If within fourteen (14) calendar days Defendant has not remedied the alleged noncompliance or satisfied the EEOC that it has complied, the EEOC may apply to the Court for relief, including modification of this

Decree or any other relief that the Court determines to be appropriate.

23.     In resolving any dispute with regard to Defendant's compliance with any provision of this Decree, the Court shall have available to it all equitable remedies which come within the Court's inherent authority, including, but not limited to, extension of any or all terms of the Decree and/or imposing a monetary fine for noncompliance.

<u>TERM AND SCOPE OF THE DECREE AND RETENTION OF JURISDICTION</u>

24.     All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a term of four (4) years immediately following the entry of the Decree, unless extended by order of this Court, provided, however, that if at the end of the term of the Decree, any disputes under Paragraph 22, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

<u>MISCELLANEOUS PROVISIONS</u>

25.     Each party to this Decree shall bear its own expenses, attorneys' fees, and costs.

26.     Defendant agrees that the receipt of monetary relief shall not be conditioned on any matter not expressly set forth in this Decree. In particular, monetary relief is not conditioned on the agreement of the Charging Party to: (a) maintain as confidential the facts and/or allegations underlying the charge, her complaints, or the terms of this Decree; (b) waive any statutory rights to file any future charge with any governmental agency; (c) refrain from reapplying for a job with Defendant or any successor of Defendant; or (d) agree to a non-disparagement and/or confidentiality agreement.

27.     The terms of this Decree are and shall be binding on the present and future

directors, officers, managers, agents, successors, and assigns of Defendant. Prior to any sale or other transfer of any Defendant's business or sale or other transfer of all or a substantial portion of any Defendant's assets, Defendants shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

28.     When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Defendant to the best of such officer or management employee's knowledge, information, and belief.

29.     Defendant shall require personnel within their employ, upon request by the EEOC, to cooperate reasonably with, and to be interviewed by, the EEOC for purposes of verifying compliance with this Decree.

30.     When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the EEOC, they shall  be deemed sufficient, and effective upon sending, if sent by electronic mail, with the subject "Defendant Consent Decree Monitoring," to all of the following electronic mail addresses: adrienne.kaufman@eeoc.gov and armando.fernandez@eeoc.gov.  Such submissions must also be mailed to Lacey's Place Consent Decree Compliance, Legal Unit, U.S. Equal Employment Opportunity Commission, 230 S. Dearborn St., Ste. 2920, Chicago, IL 60604.   All notices to Defendant, including without limitation under Paragraphs 5 through 7, will be deemed sufficient, and effective upon sending, if sent by electronic mail to all of the following electronic mail addresses: paulette.clark@playlaceys.com and pclark0808@att.net. Notices must also be mailed to: Paulette Clark, Director of Human Resources, Lacey's Place, 5226 Southwind Drive, Richton Park, IL 60471.  Any changes to the recipients, electronic mail addresses, or physical addresses for

providing notices under this Decree must be made to all other parties in writing.

31.     The individual who should receive the copy of the Form 1098-F if the EEOC is required to issue one is:

     a.  Name: Paulette Clark, Director of Human Resources

     b.  Physical Address: 5226 Southwind Drive, Richton Park, IL 60471

32.     The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

33.     The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

34.     Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

35.     The Parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.


SO ORDERED, ADJUDGED, and DECREE on this ___ day of _____ 2023.

By the Court:


_____

     The Hon. Colin S. Bruce
     United States District Judge

13

Agreed to in form and content:

For Plaintiff Equal Employment Opportunity
Commission

For Defendant Lacey's Place LLC Series
Midlothian d/b/a Lacey's Place

Gwendolyn Young Reams
Acting General Counsel
131 M. Street NE, 5th Floor
Washington, D.C. 20507

s/ Rochelle Funderburg
Rochelle Funderburg
Meyer Capel
306 W. Church Street
P.O. Box 6750
Champaign, IL  61826
(217) 352-1800
rfunderburg@meyercapel.com

s/ Adrienne L. Kaufman
Gregory M. Gochanour
Regional Attorney
230 S. Dearborn Street, Suite 2920
Chicago, Illinois 60604

Deborah Hamilton
Assistant Regional Attorney

Adrienne Kaufman
Armando Ferndandez
Trial Attorneys


For JEFF REHBERGER, for the sole purpose of paragraphs 5-6 as Guarantor and enforcement
of the Guaranty


_____
Jeff Rehberger, individually

Agreed to in form and content:

For Plaintiff Equal Employment Opportunity
Commission

Gwendolyn Young Reams
Acting General Counsel
131 M. Street NE, 5th Floor
Washington, D.C. 20507


s/
Gregory M. Gochanour
Regional Attorney
230 S. Dearborn Street, Suite 2920
Chicago, Illinois 60604

Deborah Hamilton
Assistant Regional Attorney

Adrienne Kaufman
Armando Ferndandez
Trial Attorneys

For Defendant Lacey's Place LLC Series
Midlothian d/b/a Lacey's Place


s/
Rochelle Funderburg
Meyer Capel
306 W. Church Street
P.O. Box 6750
Champaign, IL 61826
(217) 352-1800
rfunderburg@meyercapel.com

For JEFF REHBERGER, for the sole purpose of paragraphs 5-6 as Guarantor and enforcement
of the Guaranty

Jeff Rehberger, individually

**EXHIBIT A**

**<u>RELEASE AGREEMENT</u>**

In consideration of $92,964 to be paid to me by Defendant in connection with the resolution of *EEOC v. Lacey's Place LLC Series Midlothian d/b/a Lacey's Place*, No. 2:22-cv-02161 (C.D. Ill.), I waive my right to recover for any claims of pay discrimination arising under Title VII and the Equal Pay Act that I had against Defendant on or before the date of this release and that were included in the claims in the EEOC's complaint in *EEOC v. Lacey's Place LLC Series Midlothian d/b/a Lacey's Place*.


Printed Name: _____

Signed: _____          Date: _____

**EXHIBIT B**

## NOTICE TO DEFENDANT'S EMPLOYEES

This Notice is posted pursuant to a Consent Decree entered by the federal court in the Central District of Illinois in *EEOC v. Lacey's Place LLC Series Midlothian d/b/a Lacey's Place*, No. 2:22-cv-02161, resolving the lawsuit filed by the U.S. Equal Employment Opportunity Commission (EEOC) against Defendant Lacey's Place LLC Series Midlothian d/b/a Lacey's Place.

In this lawsuit, the EEOC alleged that Defendant violated Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991 ("Title VII") and the Equal Pay Act of 1963 ("EPA") by paying certain female district managers less than certain male district managers for performing substantially equal work and discharging an employee in retaliation for complaining of the wage disparity.

To resolve this case, the EEOC and Defendant have entered into a Consent Decree requiring, among other things, that:

1. Defendant will pay monetary damages to the employee who was affected by the violations;

2. Defendant is enjoined from paying female district managers less than male district managers for substantially equal work if such conduct violates Title VII or the EPA;

3. Defendant is enjoined from retaliating against anyone for making a report or complaint about unlawful sex-based pay disparities, for filing a charge of discrimination, or for participating in any way in a proceeding under the EPA; and

4. Defendant will conduct a pay equity study of district manager compensation;

5. Defendant will adopt and distribute policies that comply with Title VII and the EPA and provide training to its employees on the policies and the requirements of Title VII and the EPA.

The EEOC is a federal agency that enforces federal laws prohibiting discrimination in employment based on race, color, sex (including sexual harassment, pregnancy), religion, national origin, age, disability, genetic information, and retaliation. Further information about the EEOC and these laws is available on the EEOC's web site at www.eeoc.gov. If you believe you have been subjected to unlawful discrimination or retaliation, you may contact the EEOC by phone at (312) 869-8000 or by TTY at (312) 869-8001. The EEOC charges no fees and has employees that speak Spanish and other languages other than English.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for four (4) years from the date below and must not be altered, defaced, or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Lacey's Place Consent Decree Compliance; EEOC – Legal Unit; 230 S. Dearborn Street, Suite 2920; Chicago, Illinois 60604.

DATED: _____                           _____
                                                   The Hon. Colin S. Bruce
                                                   United States District Judge

**EXHIBIT C**

**PERSONAL GUARANTY**

The undersigned, Jeff Rehberger ("Guarantor"), in consideration of the settlement of the claims

alleged by the U.S. Equal Employment Opportunity Commission ("EEOC") in the matter of

*EEOC v. Lacey's Place LLC Series Midlothian d/b/a Lacey's Place*, Case No. 2:22-cv-02161

("Lawsuit"), does hereby unconditionally guarantee Lacey's Place LLC Series Midlothian's

("Defendant") payment of monetary relief totaling $92,964 as detailed in the Consent Decree

entered as part of the Lawsuit. Guarantor acknowledges and agrees it is jointly and severally

liable for the total $92,964.00 settlement.


Guarantor acknowledges, represents, and warrants that Defendants' agreement to the

Consent Decree with Guarantor's guaranty of payment is in the best interest of Guarantor, and

that the EEOC's agreement to the Consent Decree with the guaranty of payment by Guarantor

constitutes good and sufficient consideration for such Guaranty by Guarantor.


It is recognized and agreed that this Guaranty is a substantial part of the consideration for

the signing of the Consent Decree by the EEOC and that the EEOC would not agree to any

deferred payment under the Consent Decree without the agreement of Guarantor to execute this

Guaranty.


In the event that the Defendants, for any reason whatsoever, including bankruptcy,

reorganization, or dissolution, do not pay or cause to be paid any of the payments described in

Paragraph 5 of the Consent Decree, or any part thereof, on the date said payment is scheduled to

be made and such non-payment continues for seven (7) days after the EEOC provides notice of

21

the non-payment to Defendants, Guarantor agrees to pay all amounts then due and owing under Paragraphs 5 through 7 of the Consent Decree (including accelerated payments), without further act or deed by any person, and without further notice to or order of the Court. Any bankruptcy, reorganization or dissolution of Defendant or any successor or assign shall have no effect on the obligation of Guarantor to make all payments due and owing under this Guaranty.

Guarantor also agrees that the EEOC is not required to first enforce against any other person or entity, any liability, obligation or duty guaranteed by this Guaranty before seeking enforcement thereof against Guarantor; Guarantor acknowledges that this is a guarantee of payment and not a guaranty of collection.

Guarantor acknowledges and agrees that an action may be brought and maintained against Guarantor by the EEOC to enforce any liability, obligation or duty guaranteed by this Guaranty without the necessity of joining Defendants or any other person or entity, in such action. Guarantor agrees to pay all costs and fees reasonably and necessarily incurred by the EEOC in enforcing the Guaranty.

All notice hereunder to Jeff Rehberger shall be sent in accordance with Paragraph 30 of the Consent Decree.

Guarantor hereby agrees to the jurisdiction of the United States District Court for the Central District of Illinois under the Consent Decree for the limited purpose of enforcing this Guaranty, or resolving any dispute arising hereunder.

22

I have read and understood this Guaranty and have had to opportunity to seek advice from counsel prior to signing.

**EXECUTED** to be effective as of this _____ day of MONTH of 2023.

**GUARANTOR:**

Name (printed):        _____

Signature:        _____

Address:        _____

Phone:        _____

23

_____ I have read and understood this Guaranty and have had to opportunity to seek advice from counsel prior to signing.

**EXECUTED** to be effective as of this _12th_ day of MONTH of 2023.  MAY

**GUARANTOR:**

Name (printed):  JEFF  REHBERGER

Signature:

Address:                        HIGHLAND, IL

Phone:

24